MARSHALL P. BATES v. EZRA D. STOKES.

1. PROBATE CLERK: LIABILITY OF, FOR GRANTING AND ISSUANCE LICENSE TO NON-RESIDENTS.—The probate clerk, for granting and issuing license for the marriage of a non-resident female, under the age of eighteen years, without the consent of her non-resident parent or guardian, is not liable for the penalty prescribed by the statute.

2. PROBATE CLERK: LIABILITY OF, FOR IMPROPERLY ISSUING MARRIAGE LICENSE.— The probate clerk, in granting and issuing a marriage license, acts at his peril, and if either of the parties are under age, and the consent of the parent or guardian was not given, he is liable for the statutory penalty.—*Detterly* v. *Yeaman.* (Not reported.)

3. PENAL STATUTES: HOW CONSTRUED.—Penal statutes are construed strictly, and are not to be extended by implication to cases not clearly within the scope of their provisions.

ERROR to the Circuit Court of Amite county. Hon. Hiram Cassidy, judge.

The defendant in error sued the plaintiff in error, clerk of the Probate Court of Amite county, for granting and issuing a license for the marriage of defendant's daughter, she being under age, and without his consent. The action was brought to recover the penalty prescribed by the statute for unlawfully issuing a marriage license.

Plaintiff in error offered testimony to show that, before issuing the license, he required proof that the daughter of defendant in error was over the age of eighteen years, and that an affidavit to that effect was made and filed before issuing the license.    This testimony was excluded.

Tho defendant in error and his daughter were residents and citizens of the State of Louisiana.

There was no evidence that the marriage had ever been solemnized.

*Wm. Yerger*, for plaintiff in error, argued in substance,

That the statute prescribing a penalty for improperly issuing a marriage license was highly penal, and to be construed strictly.

To refuse a marriage license to a party entitled to it, subjects the clerk to a suit by the party aggrieved; to grant license to a party not entitled, also subjects him to suit.    Upon an application for license, the clerk must decide one way or the other, either to refuse or grant it, and an error in either will render him liable to the party injured.    Common sense and justice only require that he should act in good faith, with reasonable circumspection and caution, and, having so acted, that he should be absolved from all penalties and criminal liability, and only held liable for such actual damages as the aggrieved party may have sustained by his wrongful act.    *Dupree* v. *Irby*, 13 Ala. R., N. S. 131; *Batchelder* v. *Kelly*, 10 New Hamp. R. 436; *Perkins* v. *Hackleman*, 26 Miss. R. 41.

It appears in proof that the father and daughter are residents and citizens of the State of Louisiana.    Our law, prescribing the age of marriage and the period at which the consent of the parent should be required, had reference alone to the rights of parents and guardians within the State, and to the duties of children living in the State.    It only established a rule of policy, applicable to the State and its citizens.    It did not intend to operate extra-territorially, nor to regulate the rights and prescribe the duties of citizens of other States.    Many inconveniences would result from any other construction.    This

strange anomaly would be presented, that a clerk would be sued and a heavy penalty recovered against him for issuing marriage license to a party without consent of parent or guardian, where such consent, by the law of the domicil of both parent and child, was unnecessary.

There is no proof that the marriage ever took place under the license. The statute, certainly, did not contemplate so severe a penalty for the mere issuance of the license, if no marriage was celebrated under it. The object of the statute was to prevent a marriage without consent, not to punish a clerk.

The case of *Detterly* v. *Yeamans*, Opinion Book, page 210, was made upon an entirely different state of facts. Under the particular facts of that case, the principles laid down by the court are doubtless correct, but they will certainly never be extended. The clerk in that case was guilty of carelessness in issuing the license; he made no inquiry as to the age of the party, nor did he require any evidence that she was over age. Such negligence and indifference might not relieve a party from the penalty of the statute, where he was mistaken in his belief.

In this case, the clerk refused to act without evidence that the female was over age. There was an exhibition of such great circumspection and caution, that it is inconsistent with an intention to violate the law, and the party should not be subjected to the penalty, criminal in its nature, prescribed by the statute.

*Harris* and *Hurst*, for defendant in error, contended,

That the counsel for plaintiff in error, relying upon the case of *Detterly* v. *Yeamans*, Op. Book, insist that the want of the evidence of the solemnization of the marriage, in this case, is fatal. In the case cited, the question was not before the court; the fact of a marriage under the license was proved.

There is nothing said in the statute about a consummation of the marriage, the penalty is plainly denounced against the clerk for granting and issuing the license, and the offence is

Bates *v.* Stokes.

complete the moment he issues the license in violation of its provisions.

No good reason exists for introducing the qualification, and the legislature saw no reason to do so, or it would have been made. Why should the clerk, whose guilt is complete by a plain violation of law, escape, because accident, or the interference of parents or friends, has prevented the parties from availing themselves of his illegal act?

Compensation to the party injured is not the object of the statute. Public policy demands punishment for aiding children to overthrow parental authority, to disappoint the hopes, and to inflict disgrace upon families. The party injured is best entitled to the penalty, is most apt to vindicate the law, and is selected by the statutes to bring the action, not for compensation, but to maintain the public policy of the State.

It may be urged in reply, that a distinction is made as to the consequences of illegal acts. That an attempt to murder is less deserving of punishment than murder. True, and the legislature has always made the distinction in the degree of punishment. To make the distinction is the province of the legislature, and they have not seen fit to make it in this case, and it will not be held that the courts have the power to insert the exception.

If it should be held that the failure to consummate the marriage would relieve the offending clerk, it is a matter of defence, and the proof of the fact should come from him.

The court properly rejected the evidence, that an affidavit was made that the female was over the age of eighteen years. This evidence was inadmissible for any purpose. Where the clerk has doubts, the course to be pursued is pointed out by the statute. He should decline to issue, unless the consent of the parent or guardian is given or proved. If he undertakes to prescribe other precautions, and they mislead him, he must abide the consequences. This affidavit was not authorized by law, and was properly excluded as evidence.

That the statute was not only designed for our citizens, but for our own officers and for all who should seek to marry

according to our law. One line of conduct cannot be adopted in reference to the people of Louisiana, and another in reference to Mississippi. Those who marry here, it matters not where their residence may be, must marry according to the require-ments of our law, or they marry without law. The clerk in issuing the license must conform to the law, or take the con-sequences. Our law prohibits the marriage of a black man to a white woman. Suppose the law of Louisiana permitted it— would it be contended that the clerk could issue a license authorising such a marriage, to parties fleeing here, without incurring the penalty denounced against the issuance of a license in such case? Yet this is the proposition in effect con-tended for by counsel for the plaintiff in error, in holding that the residence of the parties, in Louisiana, will affect their rights against the illegal act of the clerk.

ELLETT, J. delivered the opinion of the court.

This is a *qui tam* action brought by Stokes against Bates, who was clerk of the Probate Court of Amite county, to recover the penalty imposed by statute (Rev. Code 332, art. 6), for unlawfully issuing a license for the marriage of the daugh-ter of the plaintiff, without his consent, she being under age. It appeared in evidence that the father and daughter both resided, at the time of issuing the license, in the State of Louisi-ana. The writ at the instance of the plaintiff charged the jury that, if they believed from the evidence "that the clerk of the Probate Court, or his deputy, issued a license to celebrate the rites of matrimony between F. A. May and Ann Jane Stokes, without the consent of her father, the plaintiff, either in writing or verbally, and that said Ann Jane at the time resided in the State of Lousiana, and was within the age of eighteen years, then they may find for the plaintiff, although there be no evi-dence that the marriage was solemnized."

The statute is mainly designed to regulate marriages be-tween citizens of the State, to protect the rights of parents, and to provide record evidence of their solemnization. Accord-ingly, the sixth article enacts that marriage licenses shall be

granted and issued by the clerk of the Probate Court of the county in which the female usually resides. There is no provision of law expressly authorizing the issuance of a license in any case in which the female does not reside in the State. We do not deny the propriety of issuing licenses in such cases, and of preserving the record of such marriages. But the regulations and restrictions prescribed in the said article are provided for cases coming within its purview, in which licenses are thereby authorized to be granted, and the severe penalties imposed for issuing a license without the requisites therein prescribed, or in any other manner than therein mentioned, can only be applicable to cases in which the clerk might lawfully issue the license, on compliance with the conditions. The clerk, in granting a license, acts at his peril, and if either of the parties turns out to have been under age, and the consent of the parent was not given, he is liable to the penalty. *Detterly* v. *Yeamans*—not reported. When the female resides in his county, it is not unreasonable to require the clerk to ascertain the ages of the parties; but it would be unreasonable to hold him to this responsibility where the parties are domiciled in another State. Penal statutes are be to construed strictly, and are not to be extended by implication to cases not clearly within the scope of their provisions. The court below, therefore, erred in the instruction to the jury, that they might find for the plaintiff, notwithstanding the residence of the parties in the State of Louisiana.

The judgment will be reversed, and the cause remanded.